**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

CIVIL ACTION NUMBER ___18SV887 BWS___

Karnetria Bentley-Barnett
_____

_____

_____

PLAINTIFF

VS.

Gabriel G Guillermo and
_____

Victory Transportation, Inc.
_____

_____

DEFENDANT

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

SEP 1 1 2018

FOR
MICHELLE B. GARDNER
CLERK OF STATE COURT, HENRY COUNTY, GA

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT(S) AND (if applicable)

_____

_____

_____

_____

You are hereby summoned and required to file with the Clerk of State Court, #1 Judicial Center, Suite 120, McDonough, Georgia 30253 and serve upon the Plaintiff's attorney, whose name and address is:

**Marcus A. Roberts**
_____
(Name)

3330 Cumberland Blvd., Ste. 500, Atlanta, GA 30339
_____
(Address)

**404-577-4444**          **571012**
_____
(Phone Number)          (Georgia Bar No.)

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This  11  day of  Sept.  , 20 18

Clerk of State Court

BY  dmanley
_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is use

**EXHIBIT A**

CUMBERLANDIN THE COURT OF HENRY COUNTY
STATE OF GEORGIA

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

SEP 1 1 2018

FOR
MICHELLE B. GARDNER
CLERK OF STATE COURT, HENRY COUNTY, GA

KARNETRIA BENTLEY-BARNETT,  )
                                                              )
                                    Plaintiff  )
                                                              )
vs.                                                         )
                                                              )
GABRIEL G GUILLERMO AND      )
VICTORY TRANSPORTATION, INC.  )
                                                              )
                                    Defendant  )

Civil Action File No.

I 8 S V 8 8 7 B W S

**JURY TRIAL DEMANDED**

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** KARNETRIA BENTLEY-BARNETT, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendants, GABRIEL G. GUILLERMO and VICTORY TRANSPORTATION, INC., and respectfully shows this Honorable Court as follows:

### PARTIES
### JURISDICTION AND VENUE

1.      Plaintiff Karnetria Bentley-Barnett (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 328 Winslow Ct., Macon, GA 31220, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.      Defendant, GABRIEL G. GUILLERMO (hereinafter "Defendant Guillermo"), is a citizen and resident of Palm Beach County, Florida, residing at 3029 Lorene Drive, Palm Springs, Florida, 33461.

3.      Defendant Victory Transportation, Inc. (hereinafter "Defendant Victory Transportation"), is a transportation company, doing business in the State of Florida, County of Palm Beach. Defendant Victory Transportation has an office at 21050 NE 38th Avenue, Suite 501, Miami, FL 33180 and its registered agent is Zembel Vitale and located at 21050 NE 38th Avenue, Suite 501, Miami, FL 33180

ORIGINAL COMPLAINT

1

4.      Defendants are subject to the jurisdiction and venue of this Court.

5.      Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

### SERVICE OF PROCESS

6.      Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

7.      Civil service of process may be perfected upon Defendant Guillermo by serving him with Summons and Complaint at his residence at 3029 Lorene Drive, Palm Springs, Florida, 33461.

8.      Civil service of process may be perfected upon Defendant Victory Transportation through its registered agent Zembel Vitale, by serving the Summons and Complaint at 21050 NE 38th Avenue, Suite 501, Miami, FL 33180.

9.      Jurisdiction and Venue are proper in this Court as to Defendants, Guillermo and Victory Transportation.

### FACTUAL NARRATIVE

10.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

11.     On or about April 18, 2017, Plaintiff was traveling northbound on I-75 at Jonesboro Road, Henry County, Georgia. Plaintiff was driving her vehicle in a prudent and careful manner when she slowed down due to a prior accident in front of her.

12.     At or about that same time, Defendant Guillermo was driving his vehicle northbound on I-75, directly behind Plaintiff's vehicle.

ORIGINAL COMPLAINT

2

13.     Due to Defendant Guillermo traveling at an excessive rate of speed, Defendant failed to maintain control of his vehicle and failed to keep a safe distance and rear-ended Plaintiff's vehicle.

14.     Defendant Guillermo, failing to keep a safe distance and failing to maintain control of his vehicle, negligently slammed into the rear of Plaintiff's vehicle, causing a collision. As a result of the collision, Plaintiff was seriously injured.

15.     At the time of the collision, Defendant Guillermo failed to keep a proper look out.

16.     At the time of the crash, Defendant Guillermo failed to pay attention to traffic ahead of him.

17.     At the time of the crash, Defendant Guillermo failed to maintain a safe distance from Plaintiff's vehicle.

18.     At the time of the crash, Defendant Guillermo failed to maintain control of his vehicle.

19.     At the time of the crash, Defendant Guillermo was operating his vehicle in a negligent manner.

20.     Defendant Guillermo's conduct caused his vehicle to collide into Plaintiff's vehicle.

21.     Defendant Guillermo's vehicle collided into Plaintiff's vehicle with great force.

22.     The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

23.     As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

ORIGINAL COMPLAINT

24.     As a direct and proximate result of Defendant Guillermo's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

25.     Defendant Guillermo had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

26.     Defendant Guillermo breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

(a)     Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(b)     Failure to maintain reasonable control of his vehicle;

(c)     Failure to operate his vehicle in a safe fashion under the circumstances then existing;

(d)     Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

(e)     Failure to exercise ordinary care;

(f)     Failure to keep a proper look-out;

(g)     Failure to maintain control of his vehicle; and

(h)     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

(i)     At all times during Defendant Guillermo's actions, he was an agent, servant, or employee of Defendant Victory Transportation.

27.     At all times during Defendant Guillermo's actions, he was acting during his scope of employment and in furtherance of Defendant Victory Transportation's business interests.

28.     Defendant Victory Transportation is responsible for all the negligent acts committed by Defendant Guillermo during the scope of his employment.

29. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred $35,061.64 in past medical expenses. Plaintiff is expected to continue to incur medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiff is also entitled to recover non-economic damages.

30. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred **$52,102.44** in lost wages.

|     |                                    |              |
|-----|------------------------------------|--------------|
| a.  | Henry County Ambulance             | $550.00      |
| b.  | Piedmont Henry Hospital            | $2,640.00    |
| c.  | Emergency Henry, LLC               | $835.00      |
| d.  | Henry County Radiology Associates  | $82.00       |
| e.  | Fidelity Healthcare                | $6,400.00    |
| f.  | Center for Pain & Rehab            | $763.60      |
| g.  | BenchMark Physical Therapy         | $9,182.25    |
| h.  | Medcross Imaging/Imagelink         | $165.00      |
| i.  | Onyx Imaging                       | $4,202.00    |
| j.  | Regional Medical Group             | <u>$11,664.88</u> |

31. Plaintiff also incurred a total of **$36,484.73** in past medical bills from this incident, which are illustrated above.

32. Defendants made an offer of **$60,000.00** in 2017 that was rejected by the Plaintiff. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

33.     Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

34.     Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

### EXPENSES OF LITIGATION/ATTORNEY FEES

35.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

36.     Defendants were given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendants have been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

37.     Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)     **THAT** Summons issue and Defendants be properly served with this action;

(b)     **THAT** Plaintiffs be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)     **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)     **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)  **THAT** judgment be entered against Defendants and in favor of Plaintiff in an amount to be proven at trial;

(f)  **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendants;

(g)  **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)  **THAT** Plaintiff have Judgment against Defendants for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)  **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)  **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)  **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)  for all further relief as this Court deems appropriate.

This __14__ day of _____August_____, 2018

Respectfully Submitted,

_____
MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
1401 Peachtree Street, N.E. Suite 340
Atlanta, Georgia 30309
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

SEP 1 1 2018

KARNETRIA BARNETT-BENTLEY,　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
GABRIEL G. GUILLERMO AND　　　　　　　)
VICTORY TRANSPORTATION, INC.,　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants　　　　　　　　　　　)

_____ FOR
MICHELLE B. GARDNER
CLERK OF STATE COURT, HENRY COUNTY, GA

Civil Action File No.:

18SV887 BWS

**JURY TRIAL DEMANDED**

## <u>VERIFIED APPLICATION FOR PRO HAC VICE ADMISSION</u>

Pursuant to Georgia Uniform Superior Court Rule 4.4, I, Nuru Witherspoon (Applicant), hereby applies to this Honorable Court for admission to practice in the above- styled case *pro hac vice*. In support of this application, Applicant states as follows:

1.　　I reside at:
　　　161 Old Vineyard
　　　Heath, TX 75032

2.　　My business address is:
　　　The Witherspoon Law Group,
　　　PLLC 1717 McKinney Avenue
　　　Suite 700
　　　Dallas, TX 75202
　　　Phone: 2147731133
　　　Fax: 9726969982
　　　witherspoon@twlglawyers.com

3.　　I have been retained to represent the following
　　　client(s): Anderson Mangham
　　　2649 Jefferson
　　　Terrace East Point,
　　　GA 30344

4.　　I am a member in good standing of the following
　　　jurisdictions: Jurisdiction: TEXAS
　　　Date admitted:
　　　5/5/2003 still
　　　admitted: Yes
　　　Bar/Registration No.: 24039244

　　　Jurisdiction:
　　　ILLINOIS Date
　　　admitted: 9/7/2010
　　　still admitted: Yes
　　　Bar/Registration No.: 6302192

Jurisdiction:
MISSOURI Date
admitted: 7/16/2014
Still admitted: Yes
Bar/Registration No.: 66812

5.  I have never been a member of the State Bar of Georgia.

6.  I have never been denied *pro hac vice* admission in Georgia.

7.  I have never had *pro hac vice* admission revoked in Georgia.

8.  I have never been sanctioned or formally disciplined by a court in Georgia.

9.  I have been the subject of formal disciplinary proceedings.

10. I have never been formally held in contempt, or otherwise sanctioned by a court in a written order, for disobedience to its rules or orders.

11. In the past two years I have not filed for *pro hac vice* admission in Georgia.

12. I have reviewed and am familiar with the Georgia Rules of Professional Conduct and all court rules relevant to practice before the court in which I am seeking admission.

13. My local sponsor is:

    Marcus A. Roberts, Esq.
    Marcus A. Roberts & Associates LLC
    3330 Cumberland Blvd., Ste. 500
    Atlanta, GA 30339
    mroberts@robertsinjuryattorneys.com
    Ph: (404) 577-4444
    Fax: (404) 577-4466

14. I am currently representing one or all of the clients listed above in matters related to this proceeding:

    KARNETRIA BARNETT V. GABRIEL G. GUILLERMO AND
    VICTORY TRANSPORTATION, INC.

15. Is there any additional information you would like to provide to the court? No.

16. When I file my application I will forward a copy to the State Bar of Georgia along with a check or money order made payable to the State Bar of Georgia in the amount of $275, as this is my first application filed this calendar year.

I, Nuru Witherspoon, applicant in the foregoing verified Application for *Pro Hac Vice* Admission, hereby verify the facts contained therein are true and accurate to the best of my knowledge.

This_____*7th*_____ day of *august* , 2018

_____
Applicant

Sworn to before me this _*7th*_ day of *August* , 2018

*Mona Lisa Blair*
_____

| MONA LISA BLAIR |
| Notary Public, State of Texas |
| Comm. Expires 05-20-2022 |
| Notary ID 3763662 |

**Notary Public**

My commission expires___*5-20-2022*___

**IN THE STATE COURT OF HENRY COUNTY
STATE OF GEORGIA**

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

SEP 1 1 2018

MICHELLE B. GARDNER    FOR
CLERK OF STATE COURT, HENRY COUNTY, GA

KARNETRIA BARNETT,                    )
                                      )
          Plaintiff,                  )
                                      )    Civil Action File No.:
vs.                                   )
                                      )    18SV887BWS
GABRIEL G. GUILLERMO AND              )
VICTORY TRANSPORTATION, INC.,         )    **JURY TRIAL DEMANDED**
                                      )
          Defendants                  )

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served opposing counsel listed below and the
Office of the General Counsel with a true and complete copy of the foregoing
Verified Application for Pro Hac Vice Admission by U.S. Mail with adequate postage thereon to:

_____
**Marcus A. Roberts, Esq**
**Bar Number #** 571012

CUMBERLAND IN THE COURT OF HENRY COUNTY
STATE OF GEORGIA

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

OCT 1 2 2018

FOR
MICHELLE B. GARDNER
CLERK OF STATE COURT, HENRY COUNTY, GA

KARNETRIA BENTLEY-BARNETT, )
)
Plaintiff )
)
vs. )
)
GABRIEL G GUILLERMO AND )
VICTORY TRANSPORTATION, INC. )
)
Defendant )

Civil Action File No.

185V887 BWS

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** KARNETRIA BENTLEY-BARNETT, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendants, GABRIEL G. GUILLERMO and VICTORY TRANSPORTATION, INC., and respectfully shows this Honorable Court as follows:

## PARTIES
## JURISDICTION AND VENUE

1.      Plaintiff Karnetria Bentley-Barnett (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 328 Winslow Ct., Macon, GA 31220, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.      Defendant Victory Transportation, Inc. (hereinafter "Defendant Victory Transportation"), is a transportation company, doing business in the State of Ohio, County of Cuyahoga. Defendant Victory Transportation has an office at 614 W. Superior Avenue, Cleveland, OH 44113 and its registered agent is Helen Forbes Fields and located at 700 Rockefeller Building, Cleveland, OH 44113.

3.      Defendant Victory Transportation, Inc. (hereinafter "Defendant Victory Transportation"), is a transportation company, doing business in the State of Ohio.

FIRST AMENDED COMPLAINT

1

Defendant Victory Transportation's registered agent is John W Coburn and located at 6580 Seay Court, Loveland, OH 45140.

4.      Defendant Victory Transportation, Inc. (hereinafter "Defendant Victory Transportation"), is a transportation company, doing business in the State of Ohio. Defendant Victory Transportation's registered agent is Yaw Dwomoh and located at 2633 Bridgestone Dr., Columbus, OH 43219.

5.      Defendants are subject to the jurisdiction and venue of this Court.

6.      Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

## SERVICE OF PROCESS

7.      Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

8.      Civil service of process may be perfected upon Defendant Guillermo by serving him with Summons and Complaint at his residence at 3029 Lorene Drive, Palm Springs, Florida, 33461.

9.      Civil service of process may be perfected upon Defendant Victory Transportation through its registered agent Zembel Vitale, by serving the Summons and Complaint at 21050 NE 38th Avenue, Suite 501, Miami, FL 33180.

10.     Jurisdiction and Venue are proper in this Court as to Defendants, Guillermo and Victory Transportation.

## FACTUAL NARRATIVE

11.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

FIRST AMENDED COMPLAINT

12.     On or about April 18, 2017, Plaintiff was traveling northbound on I-75 at Jonesboro Road, Henry County, Georgia. Plaintiff was driving her vehicle in a prudent and careful manner when she slowed down due to a prior accident in front of her.

13.     At or about that same time, Defendant Guillermo was driving his vehicle northbound on I-75, directly behind Plaintiff's vehicle.

14.     Due to Defendant Guillermo traveling at an excessive rate of speed, Defendant failed to maintain control of his vehicle and failed to keep a safe distance and rear-ended Plaintiff's vehicle.

15.     Defendant Guillermo, failing to keep a safe distance and failing to maintain control of his vehicle, negligently slammed into the rear of Plaintiff's vehicle, causing a collision. As a result of the collision, Plaintiff was seriously injured.

16.     At the time of the collision, Defendant Guillermo failed to keep a proper look out.

17.     At the time of the crash, Defendant Guillermo failed to pay attention to traffic ahead of him.

18.     At the time of the crash, Defendant Guillermo failed to maintain a safe distance from Plaintiff's vehicle.

19.     At the time of the crash, Defendant Guillermo failed to maintain control of his vehicle.

20.     At the time of the crash, Defendant Guillermo was operating his vehicle in a negligent manner.

21.     Defendant Guillermo's conduct caused his vehicle to collide into Plaintiff's vehicle.

22.     Defendant Guillermo's vehicle collided into Plaintiff's vehicle with great force.

23.     The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

24.     As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

25.     As a direct and proximate result of Defendant Guillermo's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

26.     Defendant Guillermo had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

27.     Defendant Guillermo breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

(a)     Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(b)     Failure to maintain reasonable control of his vehicle;

(c)     Failure to operate his vehicle in a safe fashion under the circumstances then existing;

(d)     Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

(e)     Failure to exercise ordinary care;

(f)     Failure to keep a proper look-out;

(g)     Failure to maintain control of his vehicle; and

(h)     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

(i)     At all times during Defendant Guillermo's actions, he was an agent, servant, or employee of Defendant Victory Transportation.

28.     At all times during Defendant Guillermo's actions, he was acting during his scope of employment and in furtherance of Defendant Victory Transportation's business interests.

29.     Defendant Victory Transportation is responsible for all the negligent acts committed by Defendant Guillermo during the scope of his employment.

30.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred $35,061.64 in past medical expenses.  Plaintiff is expected to continue to incur medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiff is also entitled to recover non-economic damages.

31.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred **$52,102.44** in lost wages.

|    |                                  |              |
|----|----------------------------------|--------------|
| a. | Henry County Ambulance           | $550.00      |
| b. | Piedmont Henry Hospital          | $2,640.00    |
| c. | Emergency Henry, LLC             | $835.00      |
| d. | Henry County Radiology Associates| $82.00       |
| e. | Fidelity Healthcare              | $6,400.00    |
| f. | Center for Pain & Rehab          | $763.60      |
| g. | BenchMark Physical Therapy       | $9,182.25    |
| h. | Medcross Imaging/Imagelink       | $165.00      |
| i. | Onyx Imaging                     | $4,202.00    |
| j. | Regional Medical Group           | $11,664.88   |

32.     Plaintiff also incurred a total of **$36,484.73** in past medical bills from this incident, which are illustrated above.

33.     Defendants made an offer of **$60,000.00** in 2017 that was rejected by the Plaintiff. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

34.     Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

35.     Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

### EXPENSES OF LITIGATION/ATTORNEY FEES

36.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

37.     Defendants were given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendants have been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

38.     Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)     **THAT** Summons issue and Defendants be properly served with this action;

FIRST AMENDED COMPLAINT

6

(b)     **THAT** Plaintiffs be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)     **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)     **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)     **THAT** judgment be entered against Defendants and in favor of Plaintiff in an amount to be proven at trial;

(f)     **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendants;

(g)     **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)     **THAT** Plaintiff have Judgment against Defendants for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)     **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)     **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)     **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)     for all further relief as this Court deems appropriate.

This ___10___ day of ___October___ , 2018

Respectfully Submitted,

_____

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
~~1401 Peachtree Street, N.E. Suite 340~~
~~Atlanta, Georgia 30309~~
3330 Cumberland Blvd., Ste. 500
Atlanta, GA 30339

FIRST AMENDED COMPLAINT                                          7

Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

FIRST AMENDED COMPLAINT

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

MAR 0 7 2019

_____ FOR
MICHELE B. GARDNER
CLERK OF STATE COURT, HENRY COUNTY, GA

| | | |
|---|---|---|
| KARNETRIA BENTLEY-BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: 18SV887 |
| | ) | |
| GABRIEL G. GUILLERMO and | ) | |
| VICTORY TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## RULE NISI

The Court's file reflects that the Defendants have not been served with notice and summons. Plaintiff is therefore **ORDERED** to show cause before the Court on **April 3, 2019** at 1:30 p.m., in the courtroom of the undersigned, why this action should not be dismissed for want of prosecution.

In lieu of personal appearance, Plaintiff may submit proof of service or a voluntary dismissal. The original must be filed with the Court before **April 2, 2019**.

**SO ORDERED** this ⟍7 day of March, 2019.

**BEN W. STUDDARD,** Chief Judge
State Court of Henry County

Please see reverse for information regarding foreign language interpreters and accommodation of disabilities

## NOTICE REGARDING ACCOMMODATION OF DISABILITIES

The Henry County Courts System does not discriminate on the basis of disability in the operations of its programs, services, or activities. In accordance with the Americans with Disabilities Act of 1990 ("ADA"), the courts have implemented specific policies to address the needs of disabled individuals. An ADA Coordinator has been appointed in each court, with the responsibility of ensuring that proper and reasonable accommodations are provided. Individuals with disabilities are invited to make their needs and concerns known to the ADA Coordinator.

Upon request and reasonable notice, sign language interpreters will be provided for hearing impaired persons participating in both civil and criminal court proceedings in State Court. To arrange for an interpreter, please call the following designated ADA Coordinator who will assist you:

Henry County State Court:   Michele B. Gardner, Clerk/ADA Coordinator
Telephone Number:   (770) 288-7800
TTY Number:        (770) 288-6818

Applications for Accommodation can also be found on the County's website at: www.co.henry.ga.us.  Any aggrieved person may file a complaint with the ADA coordinator. The ADA Complaint Form can also be found on the County's website.

## FOREIGN LANGUAGE INTERPRETERS

To secure a foreign language interpreter, please submit an email request to sgardner@co.henry.ga.us as soon as reasonably possible (not less than 10 days prior to hearing) or call 770-288-7800.  Please include the case number and name of party needing services in your email request.

⚡ E-FILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
**STSV2018000887**
**BWS**
APR 14, 2019 03:31 PM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

KARNETRIA BENTLEY-BARNETT,    )
          )
        Plaintiff    )      Civil Action File No. 18SV887BWS
          )
vs.          )
          )
GABRIEL G GUILLERMO AND    )      **JURY TRIAL DEMANDED**
TROPIC TRANSPORT F&Y INC.    )
          )
        Defendant    )

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** KARNETRIA BENTLEY-BARNETT, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendants, GABRIEL G. GUILLERMO and TROPIC TRANSPORT F&Y INC., and respectfully shows this Honorable Court as follows:

## PARTIES
## JURISDICTION AND VENUE

1.    Plaintiff Karnetria Bentley-Barnett (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 328 Winslow Ct., Macon, GA 31220, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.    Defendant TROPIC TRANSPORT F&Y INC. (hereinafter "Defendant Tropic Transport"), is a transportation company, doing business in the State of Florida, County of Miami-Dade.  Defendant Tropic Transport has an office at 16204 SW 63rd Street, Miami, Florida, 33193 and its registered agent is Yadiel Hernandez and located at 3720 Isles Arbor Lane, Kissimmee, Florida, 34746.

3.    Defendants are subject to the jurisdiction and venue of this Court.

4.    Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

## SERVICE OF PROCESS

5.      Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

6.      Civil service of process may be perfected upon Defendant Guillermo by serving him with Summons and Complaint at his residence at 3029 Lorene Drive, Palm Springs, Florida, 33461.

7.      Civil service of process may be perfected upon Defendant Tropic Transport through its registered agent Yadiel Hernandez, by serving the Summons and Complaint at 3720 Isles Arbor Lane, Kissimmee, Florida 34746.

8.      Jurisdiction and Venue are proper in this Court as to Defendants, Guillermo and Tropic Transport.

## FACTUAL NARRATIVE

9.      Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

10.     On or about April 18, 2017, Plaintiff was traveling northbound on I-75 at Jonesboro Road, Henry County, Georgia. Plaintiff was driving her vehicle in a prudent and careful manner when she slowed down due to a prior accident in front of her.

11.     At or about that same time, Defendant Guillermo was driving his vehicle northbound on I-75, directly behind Plaintiff's vehicle.

12.     Due to Defendant Guillermo traveling at an excessive rate of speed, Defendant failed to maintain control of his vehicle and failed to keep a safe distance and rear-ended Plaintiff's vehicle.

2

SECOND AMENDED COMPLAINT

13.     Defendant Guillermo, failing to keep a safe distance and failing to maintain control of his vehicle, negligently slammed into the rear of Plaintiff's vehicle, causing a collision. As a result of the collision, Plaintiff was seriously injured.

14.     At the time of the collision, Defendant Guillermo failed to keep a proper look out.

15.     At the time of the crash, Defendant Guillermo failed to pay attention to traffic ahead of him.

16.     At the time of the crash, Defendant Guillermo failed to maintain a safe distance from Plaintiff's vehicle.

17.     At the time of the crash, Defendant Guillermo failed to maintain control of his vehicle.

18.     At the time of the crash, Defendant Guillermo was operating his vehicle in a negligent manner.

19.     Defendant Guillermo's conduct caused his vehicle to collide into Plaintiff's vehicle.

20.     Defendant Guillermo's vehicle collided into Plaintiff's vehicle with great force.

21.     The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

22.     As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

23.     As a direct and proximate result of Defendant Guillermo's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

SECOND AMENDED COMPLAINT

3

24.     Defendant Guillermo had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

25.     Defendant Guillermo breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

(a)     Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(b)     Failure to maintain reasonable control of his vehicle;

(c)     Failure to operate his vehicle in a safe fashion under the circumstances then existing;

(d)     Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

(e)     Failure to exercise ordinary care;

(f)     Failure to keep a proper look-out;

(g)     Failure to maintain control of his vehicle; and

(h)     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

(i)     At all times during Defendant Guillermo's actions, he was an agent, servant, or employee of Defendant Tropic Transport.

26.     At all times during Defendant Guillermo's actions, he was acting during his scope of employment and in furtherance of Defendant Tropic Transport's business interests.

27.     Defendant Tropic Transport is responsible for all the negligent acts committed by Defendant Guillermo during the scope of his employment.

28.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred $36, 484.73 in past medical expenses.  Plaintiff is expected to continue to incur

medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiff is also entitled to recover non-economic damages.

29.    As a direct and proximate result of Defendants' negligence, Plaintiff has incurred **$52,102.44** in lost wages.

|     |                                   |              |
|-----|-----------------------------------|--------------|
| a.  | Henry County Ambulance            | $550.00      |
| b.  | Piedmont Henry Hospital           | $2,640.00    |
| c.  | Emergency Henry, LLC              | $835.00      |
| d.  | Henry County Radiology Associates | $82.00       |
| e.  | Fidelity Healthcare               | $6,400.00    |
| f.  | Center for Pain & Rehab           | $763.60      |
| g.  | BenchMark Physical Therapy        | $9,182.25    |
| h.  | Medcross Imaging/Imagelink        | $165.00      |
| i.  | Onyx Imaging                      | $4,202.00    |
| j.  | Regional Medical Group            | $11,664.88   |

30.    Plaintiff also incurred a total of **$36,484.73** in past medical bills from this incident, which are illustrated above.

31.    Defendants made an offer of **$60,000.00** in 2017 that was rejected by the Plaintiff. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

32.    Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

SECOND AMENDED COMPLAINT

33.     Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

### EXPENSES OF LITIGATION/ATTORNEY FEES

34.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

35.     Defendants were given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendants have been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

36.     Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)     **THAT** Summons issue and Defendants be properly served with this action;

(b)     **THAT** Plaintiffs be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)     **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)     **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)     **THAT** judgment be entered against Defendants and in favor of Plaintiff in an amount to be proven at trial;

6

SECOND AMENDED COMPLAINT

(f)   **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendants;

(g)   **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)   **THAT** Plaintiff have Judgment against Defendants for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)   **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)   **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)   **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)   for all further relief as this Court deems appropriate.

Respectfully Submitted,

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

STSV2018000887
BWS
APR 14, 2019 03:31 PM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

KARNETRIA BENTLEY-BARNETT,          )
                                    )
                         Plaintiff  )          Civil Action File No. 18SV887BWS
                                    )
vs.                                 )
                                    )
GABRIEL G GUILLERMO AND             )          **JURY TRIAL DEMANDED**
TROPIC TRANSPORT F&Y INC.           )
                                    )
                        Defendant   )

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, a copy of the Plaintiff's Second Amended Complaint was

served on the following counsel of record:

        Kevin T. Shires
        Shires, Peake & Gottlieb, LLC
        284 N. Main Street
        Alpharetta, Georgia 30009
        Direct Dial: (678) 940-4413
        Attorney for Defendants

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
BWS
APR 14, 2019 03:31 PM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE COURT OF HENRY COUNTY
## STATE OF GEORGIA

KARNETRIA BENTLEY-BARNETT,          )
                                    )
                         Plaintiff  )          Civil Action File No. 18SV887BWS
                                    )
vs.                                 )
                                    )
GABRIEL G GUILLERMO AND             )          **JURY TRIAL DEMANDED**
VICTORY TRANSPORTATION, INC.        )
                                    )
                        Defendant   )

## AGREED MOTION FOR SUBSTITUTION OF PARTIES AND LEAVE TO FILE SECOND AMENDED COMPLAINT

**COMES NOW** Karnetria Bentley-Barnett, Plaintiff in the above-styled action, and hereby moves for an order permitting the substitution of Defendant Victory Transportation, Inc. for the proper party Defendant Tropic Transport F&Y, Inc.

Should this Motion be granted, Plaintiff moves that this case be re-captioned Karnetria Bentley-Barnett v. Gabriel Guillermo and Tropic Transport F&Y, Inc.

Plaintiff further requests leave to file the Second Amended Complaint. *See* Exhibit A, attached.

Respectfully Submitted,

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

/s/ Kevin Shires   with Express Permission

Kevin T. Shires
Shires, Peake & Gottlieb, LLC
284 N. Main Street
Alpharetta, Georgia 30009
Direct Dial: (678) 940-4413
kshires@spgattorneys.com
Attorney for Defendants

2

## EXHIBIT A

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

KARNETRIA BENTLEY-BARNETT,   )
          )
          Plaintiff   )     Civil Action File No. 18SV887BWS
          )
vs.          )
          )
GABRIEL G GUILLERMO AND   )     **JURY TRIAL DEMANDED**
TROPIC TRANSPORT F&Y INC.   )
          )
          Defendant   )

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** KARNETRIA BENTLEY-BARNETT, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendants, GABRIEL G. GUILLERMO and TROPIC TRANSPORT F&Y INC., and respectfully shows this Honorable Court as follows:

## PARTIES
## JURISDICTION AND VENUE

1.     Plaintiff Karnetria Bentley-Barnett (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 328 Winslow Ct., Macon, GA 31220, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.     Defendant TROPIC TRANSPORT F&Y INC. (hereinafter "Defendant Tropic Transport"), is a transportation company, doing business in the State of Florida, County of Miami-Dade.  Defendant Tropic Transport has an office at 16204 SW 63rd Street, Miami, Florida, 33193 and its registered agent is Yadiel Hernandez and located at 3720 Isles Arbor Lane, Kissimmee, Florida, 34746.

3.     Defendants are subject to the jurisdiction and venue of this Court.

AGREED MOTION FOR SUBSTITUTION OF PARTIES AND LEAVE TO FILE SECOND AMENDED COMPLAINT

4.     Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

## SERVICE OF PROCESS

5.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

6.     Civil service of process may be perfected upon Defendant Guillermo by serving him with Summons and Complaint at his residence at 3029 Lorene Drive, Palm Springs, Florida, 33461.

7.     Civil service of process may be perfected upon Defendant Tropic Transport through its registered agent Yadiel Hernandez, by serving the Summons and Complaint at 3720 Isles Arbor Lane, Kissimmee, Florida 34746.

8.     Jurisdiction and Venue are proper in this Court as to Defendants, Guillermo and Tropic Transport.

## FACTUAL NARRATIVE

9.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

10.     On or about April 18, 2017, Plaintiff was traveling northbound on I-75 at Jonesboro Road, Henry County, Georgia. Plaintiff was driving her vehicle in a prudent and careful manner when she slowed down due to a prior accident in front of her.

11.     At or about that same time, Defendant Guillermo was driving his vehicle northbound on I-75, directly behind Plaintiff's vehicle.

12.     Due to Defendant Guillermo traveling at an excessive rate of speed, Defendant failed to maintain control of his vehicle and failed to keep a safe distance and rear-ended Plaintiff's vehicle.

13.    Defendant Guillermo, failing to keep a safe distance and failing to maintain control of his vehicle, negligently slammed into the rear of Plaintiff's vehicle, causing a collision. As a result of the collision, Plaintiff was seriously injured.

14.    At the time of the collision, Defendant Guillermo failed to keep a proper look out.

15.    At the time of the crash, Defendant Guillermo failed to pay attention to traffic ahead of him.

16.    At the time of the crash, Defendant Guillermo failed to maintain a safe distance from Plaintiff's vehicle.

17.    At the time of the crash, Defendant Guillermo failed to maintain control of his vehicle.

18.    At the time of the crash, Defendant Guillermo was operating his vehicle in a negligent manner.

19.    Defendant Guillermo's conduct caused his vehicle to collide into Plaintiff's vehicle.

20.    Defendant Guillermo's vehicle collided into Plaintiff's vehicle with great force.

21.    The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

22.    As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

23.    As a direct and proximate result of Defendant Guillermo's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

AGREED MOTION FOR SUBSTITUTION OF PARTIES AND LEAVE TO FILE SECOND AMENDED COMPLAINT

24.   Defendant Guillermo had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

25.   Defendant Guillermo breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

(a)   Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(b)   Failure to maintain reasonable control of his vehicle;

(c)   Failure to operate his vehicle in a safe fashion under the circumstances then existing;

(d)   Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

(e)   Failure to exercise ordinary care;

(f)   Failure to keep a proper look-out;

(g)   Failure to maintain control of his vehicle; and

(h)   Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

(i)   At all times during Defendant Guillermo's actions, he was an agent, servant, or employee of Defendant Tropic Transport.

26.   At all times during Defendant Guillermo's actions, he was acting during his scope of employment and in furtherance of Defendant Tropic Transport's business interests.

27.   Defendant Tropic Transport is responsible for all the negligent acts committed by Defendant Guillermo during the scope of his employment.

28.   As a direct and proximate result of Defendants' negligence, Plaintiff has incurred $36,484.73 in past medical expenses. Plaintiff is expected to continue to incur

6

medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiff is also entitled to recover non-economic damages.

29.    As a direct and proximate result of Defendants' negligence, Plaintiff has incurred **$52,102.44** in lost wages.

| | | |
|---|---|---|
| a. | Henry County Ambulance | $550.00 |
| b. | Piedmont Henry Hospital | $2,640.00 |
| c. | Emergency Henry, LLC | $835.00 |
| d. | Henry County Radiology Associates | $82.00 |
| e. | Fidelity Healthcare | $6,400.00 |
| f. | Center for Pain & Rehab | $763.60 |
| g. | BenchMark Physical Therapy | $9,182.25 |
| h. | Medcross Imaging/Imagelink | $165.00 |
| i. | Onyx Imaging | $4,202.00 |
| j. | Regional Medical Group | $11,664.88 |

30.    Plaintiff also incurred a total of **$36,484.73** in past medical bills from this incident, which are illustrated above.

31.    Defendants made an offer of **$60,000.00** in 2017 that was rejected by the Plaintiff. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

32.    Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

33.     Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

## EXPENSES OF LITIGATION/ATTORNEY FEES

34.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

35.     Defendants were given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendants have been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

36.     Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)     **THAT** Summons issue and Defendants be properly served with this action;

(b)     **THAT** Plaintiffs be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)     **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)     **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)     **THAT** judgment be entered against Defendants and in favor of Plaintiff in an amount to be proven at trial;

(f)     **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendants;

8

(g)  **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)  **THAT** Plaintiff have Judgment against Defendants for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)  **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)  **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)  **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)  for all further relief as this Court deems appropriate.


Respectfully Submitted,


_____
MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
1401 Peachtree Street, N.E. Suite 340
Atlanta, Georgia 30309
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

✦ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
**BWS**

APR 14, 2019 03:31 PM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

KARNETRIA BENTLEY-BARNETT,   )
    )
              Plaintiff   )       Civil Action File No. 18SV887BWS
vs.          )
    )
GABRIEL G GUILLERMO AND   )       **JURY TRIAL DEMANDED**
VICTORY TRANSPORTATION, INC.   )
    )
            Defendant   )

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, a copy of the AGREED MOTION FOR SUBSTITUTION OF

PARTIES AND LEAVE TO FILE SECOND AMENDED COMPLAINT was served on the

following counsel of record:

> Kevin T. Shires
> Shires, Peake & Gottlieb, LLC
> 284 N. Main Street
> Alpharetta, Georgia 30009
> Direct Dial: (678) 940-4413
> kshires@spgattorneys.com
> Attorney for Defendants

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
**BWS**
**APR 16, 2019 11:15 AM**

Michele B. Gardner, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2018000887

BENTLEY-BARNETT, KARNETRIA

_____

**PLAINTIFF**

        **VS.**

GUILLERMO, GABRIEL G
VICTORY TRANSPORTATION INC
Tropic Transport F&Y Inc.

_____

**DEFENDANTS**

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

    **Marcus A Roberts**
    **Marcus A. Roberts & Associates LLC**
    **3330 Cumberland Boulevard**
    **STE 500**
    **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 16th day of April, 2019.**

       Clerk of State Court

_____

    Michele B. Gardner, Clerk of State Court
     Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**

**STATE OF GEORGIA**

FILED IN OFFICE
STATE COURT
HENRY COUNTY, GA

APR 1 7 2019

_____FOR
MICHELE B. GARDNER
CLERK OF STATE COURT, HENRY COUNTY, GA

KARNETRIA BENTLEY-BARNETT, )
)
     Plaintiff, )
)
v. )    CIVIL ACTION FILE NO.: 18SV887
)
GABRIEL G. GUILLERMO and )
VICTORY TRANSPORTATION, INC., )
)
     Defendants. )

## ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT AND SUBSTITUTION OF PARTIES

On Defendants' consent, Plaintiff's request for leave to file the Second Amended Complaint is hereby **GRANTED**.

The Court having received an Agreed Motion for Substitution of Parties in the above-styled matter, it is hereby **ORDERED** that TROPIC TRANSPORT F&Y, INC. be substituted as party defendant in the place of Victory Transportation, Inc. and that hereinafter, this action shall proceed with Defendants in the caption designated as "Gabriel G. Guillermo and Tropic Transport F&Y, Inc." See OCGA §9-11-21; *Marwede v. EQR/Lincoln Ltd. P'ship*, 284 Ga. App. 404, 643 S.E.2d 766 (2007).

A corporate officer or agent may not file pleadings on behalf of a corporation in a court of record. The corporation must be represented by an attorney licensed to practice in Georgia. *Eckles v. Atlanta Tech. Grp. Inc.*, 267 Ga. 801 (1997). Therefore, Defendant Tropic Transport F&Y, Inc. is cautioned that its answer must be filed by a licensed Georgia attorney.

**SO ORDERED** this /7 day of April, 2019.

_____
**BEN W. STUDDARD**, Chief Judge
State Court of Henry County

📄 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
**BWS**
APR 18, 2019 10:30 AM

*Michele B Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| KARNETRIA BENTLEY-BARNETT,      ) | |
|      ) | |
| Plaintiff      ) | Civil Action File No. 18SV887BWS |
| vs.      ) | |
|      ) | |
| GABRIEL G GUILLERMO AND      ) | **JURY TRIAL DEMANDED** |
| TROPIC TRANSPORT F&Y INC.      ) | |
|      ) | |
| Defendant      ) | |

### SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** KARNETRIA BENTLEY-BARNETT, Plaintiff in the above-styled action, and brings her Complaint against the above-named Defendants, GABRIEL G. GUILLERMO and TROPIC TRANSPORT F&Y INC., and respectfully shows this Honorable Court as follows:

### PARTIES
### JURISDICTION AND VENUE

1.  Plaintiff Karnetria Bentley-Barnett (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia, residing at 328 Winslow Ct., Macon, GA 31220, is subject to and willfully avails herself of the jurisdiction and venue of this Honorable Court.

2.  Defendant TROPIC TRANSPORT F&Y INC. (hereinafter "Defendant Tropic Transport"), is a transportation company, doing business in the State of Florida, County of Miami-Dade. Defendant Tropic Transport has an office at 16204 SW 63rd Street, Miami, Florida, 33193 and its registered agent is Yadiel Hernandez and located at 3720 Isles Arbor Lane, Kissimmee, Florida, 34746.

3.  Defendants are subject to the jurisdiction and venue of this Court.

4.  Jurisdiction is proper in this Court and County. Venue is proper in this Court and County. The incident that gave rise to this lawsuit occurred in Georgia.

1

SECOND AMENDED COMPLAINT

## SERVICE OF PROCESS

5.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

6.    Civil service of process may be perfected upon Defendant Guillermo by serving him with Summons and Complaint at his residence at 3029 Lorene Drive, Palm Springs, Florida, 33461.

7.    Civil service of process may be perfected upon Defendant Tropic Transport through its registered agent Yadiel Hernandez, by serving the Summons and Complaint at 3720 Isles Arbor Lane, Kissimmee, Florida 34746.

8.    Jurisdiction and Venue are proper in this Court as to Defendants, Guillermo and Tropic Transport.

## FACTUAL NARRATIVE

9.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

10.    On or about April 18, 2017, Plaintiff was traveling northbound on I-75 at Jonesboro Road, Henry County, Georgia. Plaintiff was driving her vehicle in a prudent and careful manner when she slowed down due to a prior accident in front of her.

11.    At or about that same time, Defendant Guillermo was driving his vehicle northbound on I-75, directly behind Plaintiff's vehicle.

12.    Due to Defendant Guillermo traveling at an excessive rate of speed, Defendant failed to maintain control of his vehicle and failed to keep a safe distance and rear-ended Plaintiff's vehicle.

2

SECOND AMENDED COMPLAINT

13.     Defendant Guillermo, failing to keep a safe distance and failing to maintain control of his vehicle, negligently slammed into the rear of Plaintiff's vehicle, causing a collision. As a result of the collision, Plaintiff was seriously injured.

14.     At the time of the collision, Defendant Guillermo failed to keep a proper look out.

15.     At the time of the crash, Defendant Guillermo failed to pay attention to traffic ahead of him.

16.     At the time of the crash, Defendant Guillermo failed to maintain a safe distance from Plaintiff's vehicle.

17.     At the time of the crash, Defendant Guillermo failed to maintain control of his vehicle.

18.     At the time of the crash, Defendant Guillermo was operating his vehicle in a negligent manner.

19.     Defendant Guillermo's conduct caused his vehicle to collide into Plaintiff's vehicle.

20.     Defendant Guillermo's vehicle collided into Plaintiff's vehicle with great force.

21.     The impact of the collision caused extensive damage to Plaintiff's vehicle and body.

22.     As a result of the collision, Plaintiff suffered severe physical and cognitive injuries.

23.     As a direct and proximate result of Defendant Guillermo's negligence, Plaintiff suffered bodily and emotional injuries resulting from the crash.

SECOND AMENDED COMPLAINT

3

24.     Defendant Guillermo had a duty to operate his vehicle in a safe and reasonable manner, maintain a proper lookout and obey all traffic laws of the State of Georgia.

25.     Defendant Guillermo breached his duty of care and operated his vehicle in a negligent and reckless manner, including but not limited to the following:

(a)     Failure to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2;

(b)     Failure to maintain reasonable control of his vehicle;

(c)     Failure to operate his vehicle in a safe fashion under the circumstances then existing;

(d)     Failure to take evasive or other reasonable action in order to control his vehicle and avoid the collision;

(e)     Failure to exercise ordinary care;

(f)     Failure to keep a proper look-out;

(g)     Failure to maintain control of his vehicle; and

(h)     Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

(i)     At all times during Defendant Guillermo's actions, he was an agent, servant, or employee of Defendant Tropic Transport.

26.     At all times during Defendant Guillermo's actions, he was acting during his scope of employment and in furtherance of Defendant Tropic Transport's business interests.

27.     Defendant Tropic Transport is responsible for all the negligent acts committed by Defendant Guillermo during the scope of his employment.

28.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred $36, 484.73 in past medical expenses.  Plaintiff is expected to continue to incur

medical expenses as a result of the injuries sustained in the collision caused by Defendants' negligence. Plaintiff is also entitled to recover non-economic damages.

29.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred **$52,102.44** in lost wages.

|     |                                   |             |
| --- | --------------------------------- | ----------- |
| a.  | Henry County Ambulance            | $550.00     |
| b.  | Piedmont Henry Hospital           | $2,640.00   |
| c.  | Emergency Henry, LLC              | $835.00     |
| d.  | Henry County Radiology Associates | $82.00      |
| e.  | Fidelity Healthcare               | $6,400.00   |
| f.  | Center for Pain & Rehab           | $763.60     |
| g.  | BenchMark Physical Therapy        | $9,182.25   |
| h.  | Medcross Imaging/Imagelink        | $165.00     |
| i.  | Onyx Imaging                      | $4,202.00   |
| j.  | Regional Medical Group            | $11,664.88  |

30.     Plaintiff also incurred a total of **$36,484.73** in past medical bills from this incident, which are illustrated above.

31.     Defendants made an offer of **$60,000.00** in 2017 that was rejected by the Plaintiff. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

32.     Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

SECOND AMENDED COMPLAINT

33.     Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

## EXPENSES OF LITIGATION/ATTORNEY FEES

34.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

35.     Defendants were given a reasonable opportunity to settle this matter prior to the filing of this Complaint. Rather, Defendants have been stubbornly litigious and caused the Plaintiff unnecessary trouble and expense.

36.     Such actions may be considered by the jury as evidence of bad faith, supporting Plaintiff's claim for expenses of litigation, including all costs and attorney fees, pursuant to OCGA § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

In consequence of the allegations stated herein, Plaintiffs requests as follows:

(a)     **THAT** Summons issue and Defendants be properly served with this action;

(b)     **THAT** Plaintiffs be awarded the full value of past and future special damages in an amount to be proven at trial;

(c)     **THAT** Plaintiff recover for the full value of all past and future lost income, earnings and wages;

(d)     **THAT** Plaintiff recover for all past and future physical pain, suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(e)     **THAT** judgment be entered against Defendants and in favor of Plaintiff in an amount to be proven at trial;

SECOND AMENDED COMPLAINT

(f)    **THAT** Plaintiff recover all damages allowed by law, including all general, special, compensatory, economic and non-economic damages from Defendants;

(g)    **THAT** Plaintiff recover all of Plaintiff's costs and expenses associated with bringing and maintaining this action pursuant to OCGA § 13-6-11;

(h)    **THAT** Plaintiff have Judgment against Defendants for an amount that will fairly and adequately compensate Plaintiff for the loss and damages Plaintiff has sustained and will sustain, plus interest as provided by law and costs of Court; and

(i)    **THAT** Plaintiff is granted such other and further relief as this Honorable Court deems just and proper.

(j)    **THAT** Plaintiff have a trial by a jury of twelve (12) persons

(k)    **THAT** the Court award prejudgment interest pursuant to O.C.G.A. § 51-12-14; and

(l)    for all further relief as this Court deems appropriate.

Respectfully Submitted,

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

SECOND AMENDED COMPLAINT

☗ EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
BWS
APR 18, 2019 10:30 AM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

## IN THE STATE COURT OF HENRY COUNTY
## STATE OF GEORGIA

KARNETRIA BENTLEY-BARNETT,    )
                              )
                    Plaintiff )          Civil Action File No. 18SV887BWS
                              )
vs.                           )
                              )
GABRIEL G GUILLERMO AND       )          **JURY TRIAL DEMANDED**
TROPIC TRANSPORT F&Y INC.     )
                              )
                    Defendant )

## CERTIFICATE OF SERVICE

I certify that on April 8, 2019, a copy of the Plaintiff's Second Amended Complaint was

served on the following counsel of record:

> Kevin T. Shires
> Shires, Peake & Gottlieb, LLC
> 284 N. Main Street
> Alpharetta, Georgia 30009
> Direct Dial: (678) 940-4413
> Attorney for Defendants

MARCUS A. ROBERTS
Georgia State Bar No. 571012
Nuru Witherspoon (Pro Hac Vice Applicant)
MARCUS A. ROBERTS & ASSOCIATES, LLC
3330 Cumberland Blvd., Suite 500
Atlanta, Georgia 30339
Telephone: (404) 577-4444
MRoberts@RobertsInjuryAttorneys.com
Attorney for Plaintiff

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
**BWS**
**APR 18, 2019 10:57 AM**

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2018000887

BENTLEY-BARNETT, KARNETRIA

_____

**PLAINTIFF**

                                          **VS.**

GUILLERMO, GABRIEL G
VICTORY TRANSPORTATION INC
Tropic Transport F&Y Inc.

_____

**DEFENDANTS**


### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Marcus A Roberts**
> **Marcus A. Roberts & Associates LLC**
> **3330 Cumberland Boulevard**
> **STE 500**
> **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 18th day of April, 2019.**

                    Clerk of State Court


                    _____
                    *Michele B. Gardner*
                    Michele B. Gardner, Clerk of State Court
                    Henry County, Georgia

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
BWS
APR 18, 2019 11:00 AM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2018000887

BENTLEY-BARNETT, KARNETRIA

_____

**PLAINTIFF**

                            **VS.**

VICTORY TRANSPORTATION INC
Tropic Transport F&Y Inc.
GUILLERMO, GABRIEL G

_____

**DEFENDANTS**


### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

        **Marcus A Roberts**
        **Marcus A. Roberts & Associates LLC**
        **3330 Cumberland Boulevard**
        **STE 500**
        **Atlanta, Georgia 30339**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 18th day of April, 2019.**

                    Clerk of State Court


*Michele B. Gardner*
_____

        Michele B. Gardner, Clerk of State Court
        Henry County, Georgia

# AFFIDAVIT OF SERVICE

**EFILED IN OFFICE**
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
BWS

MAY 21, 2019 11:28 AM

*Michele B. Gardner*
Michele B. Gardner, Clerk of State Court
Henry County, Georgia

**State of Georgia**                    **County of Henry**

Case Number: STSV2018000887

Plaintiff:
**BENTLEY-BARNETT, KARNETRIA**

vs.

Defendant:
**GUILLERMO, GABRIEL G**
**VICTORY TRANSPORTATION INC**
**TROPIC TRANSPORT F&Y INC.**

For:
Marcus A. Roberts & Associates LLC
3330 Cumberland Boulevard Ste 500
Atlanta, GA  30339

Received by Diligent Process Services Inc. on the 7th day of May, 2019 at 5:44 pm to be served on **GABRIEL G. GUILLERMO, 3029 LORENE DRIVE, PALM SPRINGS, FL 33461**.

I, Michelle Abraham, being duly sworn, depose and say that on the **10th day of May, 2019** at **3:20 pm, I:**

**SERVED** the intended recipient(s) by delivering a true copy of the **SUMMONS; SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** with my initials, credentials, the date and the hour of service endorsed thereon by me, to:   **YENISEY GUERRA** as CO RESIDENT at the address of: **3029 LORENE DRIVE, PALM SPRINGS, FL 33461**  (the intended recipient(s) usual place of **Abode within said state**), who resides therein, who is fifteen (15) years of age or older and who was informed of the contents therein, in compliance with state statutes. Service was made in accordance with FL Statute 48.031 (1)(a).

**Additional Information pertaining to this Service:**
5/9/2019  9:56 am   Service attempt: Large commercial truck with the business name " USA Transportation Inc." on it and a KIA with FL tag Y59 TIZ observed in the driveway, a camera observed watching the front door and a male voice clearly heard from within but NO answer received at the door despite several minutes of knocking.
5/10/2019  3:18 pm   Same KIA and a white pick up truck observed in the driveway but the large commercial truck seen on my previous attempt now GONE. Heard a voice heard in the distance but NO answer received at the door. However, as I was knocking, a BMW with FL tag HYC Z13 pulled up and I made contact with the recipient/home owner Yenisey Guerra who identified herself as the defendant's wife, co residing and told me the defendant was not home. Yenisey Guerra had many questions before accepting service in hand and signing my copy of the summons for me to acknowledge receipt (including whether or not what I was serving her was a court document since they have received mail regarding the same matter and why his insurance has not taken care of this matter) and I observed an Hispanic male in his 30's leave the backyard, get into the white pick up truck and leave as Yenisey and I spoke. Yensisey stated that the Hispanic male was not the defendant.

**Description** of Person Served: Age: 35+, Sex: F, Race/Skin Color: HISPANIC, Height: 5'4", Weight: 175, Hair: BROWN, Glasses: N

## AFFIDAVIT OF SERVICE for STSV2018000887

Under penalties of perjury, I swear or affirm, pursuant to Fla. Stat. § 92.525 that I have read the foregoing document and the facts stated in it are true.

I certify that I am over the age of 18, I have no interest in the above action and I am a Certified/Special Process Server, under oath, in good standing in the county/circuit in which service was made or attempted. Notary not required per Fla. Statute and Administrative Order.

State of _Florida_

County of _Palm Beach_

Subscribed and sworn to before me on the _15th_ day of _May_, _2019_ by the affiant who has produced a valid photo ID.

_____
Notary public



Gian Popoteur
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG303136
Expires 2/18/2023

_____
Michelle Abraham
Cps1401PalmBch, Sps1512Broward

**Diligent Process Services Inc.**
**4660 Villas Santorini Dr.**
**Lake Worth, FL 33461**
**(561) 805-0780**

Our Job Serial Number: GTH-2019000521

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

5/10 @3:18p

# STATE COURT OF HENRY COUNTY
# STATE OF GEORGIA

 EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA

**STSV2018000887**
BWS
APR 18, 2019 10:57 AM

Michele B. Gardner, Clerk of State Court
Henry County, Georgia

CIVIL ACTION NUMBER  STSV2018000887

BENTLEY-BARNETT, KARNETRIA

---

**PLAINTIFF**

VS.

GUILLERMO, GABRIEL G
VICTORY TRANSPORTATION INC
Tropic Transport F&Y Inc.

---

**DEFENDANTS**

REC'D ON:  5/7/19
SERVED: Yenisey Guerra
DATE: 5/10/19 TIME: 3:20p
SERVED BY: MA CPS 1401

### SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> Marcus A Roberts
> Marcus A. Roberts & Associates LLC
> 3330 Cumberland Boulevard
> STE 500
> Atlanta, Georgia 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 18th day of April, 2019.**

Clerk of State Court

_____
Michele B. Gardner, Clerk of State Court
Henry County, Georgia