

ROBERT D. STEIN
JAMES E. NASH JR.
MELODY M. TODDY
DANTEL D. RUIZ

**STEIN & NASH, LLC**

ATTORNEYS AND COUNSELORS AT LAW
WWW.STEINANDNASH.COM

OFFICE: 770.961.1700
FAX: 770.961.1638
TOLL FREE: 877.961.9309

November 10, 2017

## OFFER TO SETTLE TORT CLAIM
## MADE PURSUANT TO O.C.G.A. § 9-11-67.1

*Via Certified Mail/Return Receipt Requested – Item No.: 70163010000027557172*

Progressive
Janelle McCord
4250 International Blvd Ste. B
Norcross, GA 30093

RECEIVED
NOV 16 2017
Progressive Insurance Co.
Norcross

RE:   My Client/Claimant:    Karnetria Barnett
      Your Insured/Tortfeasor: Gabriel Guillermo
      Date of Injury:         April 18, 2017
      Claim Number:           172619239

Dear Ms. McCord:

    This office has the pleasure of representing Karnetria Barnett, the above-referenced claimant, who on April 18, 2017, was injured by your insured, the above-referenced tortfeasor. It is our understanding that your available policy limits to protect your insured are $1,000,000.00. This understanding is predicated on information provided by your company, and we are expressly relying on your representation that policy limits are the amount stated herein. If your company has reason to believe that the applicable policy limits may be greater or less than the amount specified herein, please let us know your position within ten (10) days of receipt of this letter, as this information could materially alter the amount and other content of this demand.

    Pursuant to O.C.G.A. § 9-11-67.1, we are providing to you a reasonable opportunity to settle Karnetria Barnett's claims against your insured arising out of the above-referenced motor vehicle collision for an amount within policy limits to the extent provided in the attached limited liability release. By timely indicating your intent to accept this offer, by ensuring our timely receipt of the settlement amount, and by performing the other conditions outlined below, you will protect your insured from many harms. As you know, the failure to settle the claims will expose your insured to responsibility to pay a judgment far in excess of the policy limits; protracted litigation (not including that which may be necessary to make other insurance claims); the time and expense of attending depositions, participating in discovery and attending trial; the emotional cost attendant to reliving the wreck and the harm caused to others by your insured's negligence; financial loss and other damages attributed to credit reports and ratings; litigation costs and attorneys' fees; and other losses typically caused by a failure to timely settle claims. The purpose of this letter is to give your company an opportunity to protect your insured from those and other damages by settling the claim under the terms described below.

1497 JOHN ROBERT DRIVE | SUITE C | MORROW, GEORGIA | 30260

**EXHIBIT B**

### I. Mrs. Karnetria Barnett

Karnetria Barnett is 34 years old, and a resident of Macon, Georgia. She is employed as a dispatcher for Norfolk Southern. Ms. Barnett is married, and a mother of two children. Ms. Barnett enjoyed a happy and pain-free life before the injury. She will be a credible and sympathetic witness.

### II. Your Insured's Liability

Liability in this matter is not in dispute. At approximately 5:07 am on Tuesday, April 18, 2017, Karnetria Barnett was operating her vehicle in a northbound manner on Interstate 75 in McDonough, Georgia. Mrs. Barnett was traveling in the center lane when she began to slow down to avoid another collision. Your insured did not have enough time to stop and struck the rear end of Mrs. Barnett's vehicle. Your insured was found at fault for causing the collision, and was cited for **Following Too Closely O.C.G.A. § 40-06-49**. The force of impact was substantial, causing extensive damage to Karnetria Barnett's vehicle. The estimate for the damage was stopped at **$12,472.69,** at which point it was deemed a **total loss**.

*Attached for your reference is a true and correct copy of the motor vehicle accident report generated in connection with this collision.*

### III. Personal Injuries

Mrs. Barnett sustained real and objective injuries as a result of your insured's negligence. Immediately after the accident, Mrs. Barnett was transported to Piedmont Henry Hospital by Henry County Ambulance. Mrs. Barnett presented to the emergency department of Piedmont Henry Hospital with complaints of neck pain and lower back pain. Mrs. Barnett received x-rays and was given hydrocodone for the pain. Mrs. Barnett was prescribed ibuprofen, methocarbamol and tramadol for the excruciating pain and was released with instructions to follow up with additional care as needed. Additional care was needed, and Mrs. Barnett sought chiropractic care from Cleve Taylor, D.C. at Fidelity Health Care, LLC. Dr. Taylor did an entire examination and found that Ms. Barnett suffered from injuries that included but were not limited to, **low back pain, cervicalgia, pain in thoracic spine, headaches, pain in left hip, pain in left shoulder, pain in left wrist, and pain in right hip.** Along with chiropractic treatment, Mrs. Barnett was advised to seek physical therapy treatment, as well as pain management. Mrs. Barnett sought physical therapy treatment at Benchmark Physical therapy where she was diagnosed with **cervical disc disorder with radiculopathy, high cervical region, intervertebral disc disorders with radiculopathy, lumbar region, sprain of ligaments of cervical spine, and low back pain.** Mrs. Barnett also sought pain management treatment at Regional Medical Group, where she saw a neurologist for constant headaches and neck pain. Mrs. Barnett was diagnosed with **post-concussion syndrome, cervicalgia, low back pain, cervical and lumbar radiculopathy, paresthesia of skin, right hip pain, insomnia, post-traumatic headache, nausea, epidemic vertigo, cognitive social or emotional deficit following cerebrovascular disease and contusion of left shoulder.** Mrs. Barnett underwent a **Neurocognitive Test,** which showed **deficits in areas of verbal memory,**

cognitive flexibility, executive functioning and significant deficits in reaction time. Mrs. Barnett underwent two (2) MRI's which revealed the following:

- Disc herniation at C3/4
- Disc herniation at L4/5

In addition to the medical expenses, Mrs. Barnett incurred due to this accident, this accident significantly altered the financial, and mental stability and well-being of her family.

Prior to this accident, Mrs. Barnett was a gainfully employed, loving wife and mother of two. She had plans for her family's future, and made strides to ensure their success. Prior to her life being altered, Mrs. Barnett was caring for her 6-month-old daughter, and had plans for her daughter to enter daycare. With the injuries Mrs. Barnett suffered, she was unable to provide the same loving attentive care to her child. As her doctors decreed that she was physically unable to work due to her extensive injuries, financially, Mrs. Barnett's family was no longer able to afford for her daughter to attend daycare. Without a mother who was able to support her cognitive and behavioral improvements, and without the finances for daycare services, Mrs. Barnett's daughter has fallen behind mentally and socially.

With Mrs. Barnett's inability to work, her family was forced to take extreme measures to meet all their financial responsibilities. Mrs. Barnett was forced to sell investment stocks in an attempt to pay her bills, including investments she was grandfathered into, and will never be able to reinvest in. Left with very few options, Mrs. Barnett had no choice but to max out her credit cards, plummeting her financial future along with her credit score. Her credit limits were decreased, and she fell behind on crucial obligations such as her utility bills. Needless to say, she was unable to contribute to her 401K or her children's savings account, impacting the entire family's financial future.

Prior to the accident, Mrs. Barnett and her husband planned a nonrefundable trip to the Dominican Republic. Due to the uncertainty of her injuries and the necessary treatment schedule, they were left with no other option than to purchase last minute plane tickets rather than incur the greater expense of missing their non-refundable accommodations. Unfortunately, due to her physical limitations and extensive pain level, Mrs. Barnett was physically unable to enjoy this trip, and spent her time sitting alone in the hotel.

As you well know, an accident of this nature has an impact on not only the person injured, but the family as a whole. This impact goes well beyond the physical damage to the person, but also includes the mental, social, and financial impact. Mrs. Barnett's family has suffered greatly due to the negligence of your insured. Included here you will find extensive documentation detailing the financial impact this collision has had on her family. In your review, please note not only the tangible financial damages, but the overall unhappiness she and her family experienced.

*The full nature and extent of Mrs. Barnett's injuries and related medical treatment are more fully detailed in the enclosed medical reports from her treating providers.*

### IV. Special Damages

Mrs. Barnett's medical expenses are itemized below for your reference:

| | |
|---|---:|
| Henry County Ambulance | $ 550.00 |
| Piedmont Henry Hospital | $ 2,640.00 |
| Emerginet Henry, LLC | $ 835.00 |
| Henry County Radiology Associates | $ 82.00 |
| Fidelity Healthcare | $ 6,400.00 |
| Center for Pain & Rehab | $ 763.60 |
| BenchMark Physical Therapy | $ 9,182.25 |
| Medcross Imaging/Imagelink | $ 165.00 |
| Onyx Imaging | $ 4,202.00 |
| Regional Medical Group | $ 11,664.88 |
| **Total Medical Bills** | **$ 36,484.73** |

Enclosed for your review are copies of Mrs. Barnett's causally related medical bills.

Mrs. Barnett's lost wages are itemized below for your reference

| | |
|---|---:|
| **Lost Wages** | $ 46,369.50 |
| **Total Special Damages** | **$ 82,854.23** |

Enclosed for your review are copies of Mrs. Barnett's causally related loss wages.

### V. General Damages

In addition to any economic damages sustained by Karnetria Barnett, a substantial portion of her case revolves around her non-economic losses, including pain and suffering. While Karnetria Barnett has experienced a large financial loss as a result of this collision, it is also important to realize the effect this collision had on her personal life. As with any case, non-economic damages are open to conjecture; however, in the case at issue we have a very sympathetic victim of an auto collision that was caused by a driver who was doing something other than paying attention to the roadway. I am confident that a Palm Beach County jury would relate to Mrs. Barnett's position and understand the impact the collision has had on her life.

Prior to the collision, Karnetria Barnett enjoyed a happy and pain free life. Now, she is forced to endure pain each day. The negligence of your insured caused Mrs. Barnett significant and continuing pain, mental suffering, and loss of enjoyment of life, physical impairments, inconvenience, anxiety, humiliation, and emotional distress. Karnetria Barnett worries about the residual effects of her injuries, future medical costs, and her ability to earn an honest living in the future, due to the serious injuries she received in this auto accident.

As a result of the carelessness of your insured, Karnetria Barnett's life has been permanently altered. As such, we believe a jury of her peers would return a verdict reflecting the seriousness of the effect this collision has had on her life, in the form of a substantial award of general damages for physical and mental pain and suffering.

## VI.  Material Terms of Settlement

Pursuant to O.C.G.A. § 9-11-67.1, and on behalf of Karnetria Barnett we are providing a reasonable opportunity to settle the claims against your insured under the following terms, as well as those set forth in the attached limited liability release:

1.) You have thirty (30) days from our receipt of this offer to send to the undersigned at the address on the letterhead a written statement indicating your intent to accept this offer and to abide by all conditions of acceptance and performance. The 30-day period shall be conclusively established by reference to the date the US Postal Service provides as the date of receipt [or by reference to the date provided to us by the statutory overnight delivery service]. Please note that sending the indication of acceptance referenced herein is not the sole condition of acceptance. In order to accept, you are also required to ensure that the undersigned actually receives payment within ten (10) days of the written statement indicating intent to accept.

2.) Payment in the amount of One Million Dollars ($1,000,000.00) must be received in the office of the undersigned within ten (10) days after your written statement indicating acceptance. **Timely payment is an essential element of acceptance. Without actual receipt of timely payment, there will be no settlement agreement.** If in the form of a money order, cashier's check, draft or bank check, the payment must be made payable to "Karnetria Barnett, Donzell Barnett and their Attorney, Stein & Nash, LLC." If you choose to make payment in any other manner in O.C.G.A. § 9-11-67.1(g), you must contact the undersigned in writing to receive information necessary to effect actual receipt of timely payment. You must do so well in advance of the deadline for actual receipt of timely payment, as any such request will not extend the deadline for you to ensure actual receipt of timely payment.

3.) As a condition of acceptance, Gabriel Guillermo will execute an Affidavit of No Additional Insurance.

4.) If all conditions of acceptance are timely fulfilled, Gabriel Guillermo will be released from liability subject to a limited liability release.

5.) If all conditions of acceptance are timely fulfilled, Karnetria Barnett shall sign a limited liability release.

6.) If all conditions of acceptance are timely fulfilled, the claims released will be those described in a limited liability release.

This firm's Tax Identification Number is 81-5481708. We will be happy to provide

a signed W-9 upon your request, but your request does not extend any time limits under this offer.

In addition to the above terms, this demand is made pursuant to O.C.G.A. § 51-12-14, as amended. If you do not accept this offer within the time period discussed above, and Mrs. Barnett obtains a judgment in excess of the amount demanded, as expected, she will assert her claim to interest at an annual rate equal to the prime rate as published by the Board of Governors of the Federal Reserve System, plus 3% per annum from the 30th day following your receipt of this offer until the date of judgment.

In the event of a verdict in excess of the policy coverage, I will contend that Progressive is liable for any excess because of its failure to settle the claim within the policy limits. This is in no way intended to release Progressive or Gabriel Guillermo, individually, or any other insurance available to Mrs. Barnett or any Third-Party Defendant, of personal liability in the event of such a verdict.

This demand is made pursuant to *S. Gen. Ins. Co. v. Holt*, 262 Ga. 267 (1992).

Mrs. Barnett and I look forward to your timely response. With kind regards, I am

Respectfully,

*[signature]*

James E Nash, Jr.
Attorney at Law

JEN/hf
Enclosures